IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                      CASE NO. 25-01294 (MCF)

ALEJANDRO JOSE GARCIA GOMEZ                 CHAPTER 13

Debtor

OPINION AND ORDER

We are asked to resolve whether a timely notice of appearance and a request for notice filed in the case is sufficient to be considered an informal proof of claim in a chapter 13 case. Given the facts of this case, we find that the requirements for an informal claim have not been met.

Procedural History

The Debtor, Alejandro Jose Garcia Gomez, filed for bankruptcy relief under chapter 13 on March 25, 2025 (Docket No. 1). The deadline for creditors to file proofs of claim was set at June 3, 2025 (Docket No. 6). On April 10, 2025, Zahary Goytia Galvez filed, through counsel, a notice of appearance and request for notice (Docket Nos. 13 and 14). Ms. Goytia Galvez was present at the 341 meeting of creditors on April 30, 2025, as indicated by the 341 Minutes filed by the Chapter 13 Trustee (Docket No. 15). Ten days after the deadline to file claims elapsed, Ms. Goytia Galvez filed a motion requesting, in essence, that her notice of appearance and request for notice constitute an informal claim and that she be afforded the opportunity to then amend her informal claim with Official Form 410.

The Debtor objected to Ms. Goytia Galvez' request on three grounds. First, the Debtor avers that Ms. Goytia Galvez, his ex-spouse, is trying to collect an amount related to mortgage payments for a house in which she resided with him, for which no court has

-1-

determined that he owes these amounts. Consequently, absent a debt supported by documentation, she is not a creditor in the case.  Second,  Ms. Goytia Galvez, duly represented by counsel, was aware of all the important dates in the case and was so informed at the 341 meeting of creditors. Lastly, Ms. Goytia Galvez' plea of excusable neglect does not meet the required standards (Docket No. 33).

Ms. Goytia Galvez responded by asserting that the debt owed to her is domestic support obligation and that the mortgage related debt is over a community property.  She requested more time to submit supporting documents in support of an amended claim (Docket No. 40).

Analysis

"The informal proof of claim doctrine is an equitable doctrine that rescues creditors from untimeliness and permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim. See *In re Soares, 380 B.R. at 115* ("Courts . . . have recognized the informal proof of claim as an equitable doctrine to ease strict enforcement of the claims bar date.") (citation omitted); *see also In re MarchFIRST, Inc.,* 573 F.3d 414,418 (7th Cir. 2009); *In re Thornlimb,* 37 B.R. 874, 875 (Bankr. D.R.I. 1984). The doctrine is intended to "alleviate problems with form over substance" where a creditor has "failed to adhere to the strict formalities of the Bankruptcy Code," but has made filings that "put [ ] all parties on sufficient notice that a claim is asserted by a particular creditor." *PCFS Fin. v. Spragin (In re Nowak),* 586 F.3d 450, 455 (6th Cir. 2009)(citation omitted)." *(*as cited by *Belser v, Nationstar Mortg. LLC (In re Belser)*, 534 B.R. 228, 235 (B.A.P. 1st Cir. 2015).

"Although the First Circuit acknowledges the doctrine of informal proofs of claim, it has never clearly articulated the criteria for determining whether a document may be considered an informal proof of claim. Nor do the courts in this circuit agree on a uniform set of standards for making that determination. Because the reported decisions are not consistent as to the legal standard to be applied, different judges have reached differing conclusions when determining whether something constitutes an informal claim which can be subsequently amended." *Belser*, 534 B.R.  at 235.

-2-

In <u>Belser</u>, the Bankruptcy Appellate Panel for the First Circuit examined the standards used by some bankruptcy courts in reaching a decision on whether an informal claim will be allowed.  For example, the U.S. Bankruptcy Court for the District of Massachusetts set forth the following standard for determining whether a document should be deemed an informal proof of claim: To be an informal proof of claim a document must (1) have been timely filed with the bankruptcy court and become part of the record, (2) state the existence and nature of the debt, (3) state the amount of the claim, and (4) evidence the creditor's intent to hold the debtor liable. *Soares,* 380 B.R. at 115.

The U.S. Bankruptcy Court for the Northern District of Indiana conducted a thorough examination of existing case law regarding informal proofs of claim when considering whether a creditor's objection to confirmation should be treated as a timely informal proof of claim to be amended by a formal claim after the claims bar date. The court took judicial notice of the following regarding the creditor's objection to confirmation: (1) it was in writing; (2) it was properly filed with the bankruptcy court; (3) it was filed prior to the claims bar date; (4) it referred to the creditor as a "secured creditor of the debtor[ ]"; and (5) it stated "that the fair market value of the [creditor's] collateral is greater than alleged by the [d]ebtors." *In re Harper*, 138 B.R. 229, 248 (Bankr.N.D.Ind. 1991).

> *In re McCoy Mgmt. Servs., Inc., 44 B.R. 215 (Bankr. W.D. Ky. 1984)*, the court set forth, *as a guideline*, five elements used to characterize a document filed prior to the claims deadline as a valid informal proof of claim which could be amended by a formal proof of claim filed after the claims deadline: (1) the document must be in writing; (2) the document must contain a demand by the creditor on the debtor's estate; (3) the document must express an intent to hold the debtor liable for the debt; (4) the document must be filed with the court; and (5) based on the facts of the case, it would be equitable to allow the amendment. *Id.* at 217. Many other courts, including those in this Circuit, have followed suit, sometimes separating the elements of an informal proof of claim from the question of whether it may be amended and sometimes conflating the two. But all appear to employ factors similar to those listed in *McCoy*. *See In re Dow Corning Corp.,* 142 F.3d 433 (6th Cir. 1998); *Gens v. Resolution Trust Corp.,* 112 F.3d 569 (1st Cir. 1997); *In re Reliance Equities, Inc.,* 966 F.2d 1338 (10th Cir. 1992); *In re Holm,* 931 F.2d 620 (9th Cir.1991); *In re Hall,*

-3-

218 B.R. 275 (Bankr. D.R.I. 1998); *In re Vaughn Chevrolet,* 160 B.R. 316 (Bankr. E.D. Tenn.1993); *In re Dietz,* 136 B.R. 459 (Bankr. E.D. Mich. 1992); *In re Harper,* 138 B.R. 229 (Bankr. N.D. Ind. 1991); *In re Bowers,* 104 B.R. 362 (Bankr. D. Colo. 1989); *In re Loffland Bros. Co.,* 102 B.R. 79 (Bankr. N.D. Tex.1988); *In re Thornlimb,* 37 B.R. 874 (Bankr. D.R.I. 1984). This Court finds those considerations appropriate and reasonable.

*In re Gomes,* 525 B.R.862,  865 (Bankr. Mass 2015).

In reviewing the cases considering the factors for the allowance of an informal proof of claim, we found that  *Soars* considered all pertinent factors. Applying these four factors to the instant case, we find the following:

(1) The Notice of appearance and request for Notice by Ms. Goytia Galvez was timely filed and became part of the record.

(2) The Notice of appearance and request for Notice by Ms. Goytia Galvez did not state the existence and nature of the debt.

(3) The Notice of appearance and request for Notice by Ms. Goytia Galvez did not state the amount of the claim; and

(4) The Notice of appearance and request for Notice by Ms. Goytia Galvez did not evidence the creditor's intent to hold the debtor liable.

To add to our analysis, we evaluated a fifth factor espoused by *Gomes* which is whether based on the facts of the case, it would be equitable to allow the amendment. As reflected above, in applying the *Soares*, only one factor is satisfied. This is clearly insufficient to equitably allow the timely Notice of Appearance and Request for Notice, which is devoid of any information alleging a debt or its amount, to be considered an informal claim.

Given our set of facts, under *Soares* or *Gomes*, it would not be equitable to allow Ms. Goytia Galvez' request. She was represented by counsel during the entire process. She failed to state the nature of the debt, amount of the debt, or provide evidence in support of the debt owed by the Debtor before the deadline to file claims had elapsed, even though she appeared in the case almost two months before the claims deadline.

-4-

Ms. Goytia Galvez also pleads that she should be able to file a late claim because she has established excusable neglect. We do not agree.  It is "well settled in the First Circuit that the proof of claim deadline in chapter 13 cases cannot be extended on the grounds of excusable neglect."  *Belser*, 534 B.R. at 235. (citing *In re Aboody*, 223 B.R. 36, 39 (B.A.P. 1st Cir. 1998). Bankruptcy Rule 9006, in conjunction with Bankruptcy Rule 3002(c), precludes the filing of an untimely proof of claim in chapter 13 cases, except if the statutory exceptions to late claims are applicable.  Under these Rules, the court does not have discretion to enlarge the time to file an unsecured claim in a chapter 13 case, unless the claim falls within one of the following exceptions pursuant to Rule 3002(c): 1) a governmental unit, 2) an infant or incompetent person, 3) an unsecured claim that arises from a judgment, 4) a claim arising from a rejected executory contract or unexpired lease, 5) a notice that assets may be available to pay a dividend, 6) a claim secured by a security interest in the Debtor's principal residence, or 7) an insufficient notice. The Debtor's alleged debt to Ms. Goytia Galvez is an unsecured one.  None of the seven exceptions applies to Ms. Goytia Galvez.

For the reasons state above, Ms. Goytia Galvez' request for allowance of an informal claim and amendment thereafter (Docket No. 21) is denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of October 2025.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-5-